UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

       -against-                                    16 Cr 50 (DLI)

CHARLES THOMAS,

       Defendant.
-------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT CHARLES THOMAS' *IN LIMINE* MOTIONS

 

**JOYCE C. LONDON, ESQ.**
Joyce C . London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
(212) 964-3700
*jlondonlaw@aol.com*

*Attorney for Defendant*
*CHARLES THOMAS*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                   16 Cr 50 (DLI)

CHARLES THOMAS,

        Defendant.
----------------------------------------------------------------x

## PRELIMINARY STATEMENT

      This memorandum of law is submitted in support of Charles Thomas' motions *in limine* for (I) an order pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure directing the Government to disclose to the defendant any and all acts which the Government would seek to introduce against the defendant pursuant to Federal Rule of Evidence 404(b) in such sufficient and reasonable time that the defendant may make a motion to preclude the introduction of such evidence; (ii) an order permitting defendant Charles Thomas to make such other and further motions *in limine* as may be appropriate upon the production of additional discovery materials and the production of 3500 materials prior to trial; and (iii) for such other and further relief which this Court may deem just and proper.

      Under Indictment No 16 Cr 50 (DLI), the grand jury of the Eastern District of New York has charged Charles Thomas in Counts One and Two of a three-count indictment. Count One charges Charles Thomas and others with a Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 1951(a). Count Two charges the substantive offense of Hobbs Act robbery in violation of Title 18 U.S.C. §§ 1951(a) and 2.

## STATEMENT OF RELEVANT FACTS

The facts relevant to the instant motions are set forth in the accompanying Attorney's Declaration which is submitted in support of the defendant's *in limine m*otions. These facts are incorporated into the relevant legal arguments below, where appropriate.

## ARGUMENT

### THE GOVERNMENT SHOULD BE ORDERED TO DISCLOSE ANY 404(b) EVIDENCE AT LEAST 30 DAYS PRIOR TO TRIAL

The government has yet to inform the defendant whether it intends to utilize Rule 404(b) evidence. However, based on discovery provided pursuant to Rule 16 of the Federal Rules of Criminal Procedure, namely Mr Thomas' criminal history report, it appears that Mr. Thomas has six prior convictions. Three of these convictions are for felonies which occurred almost 13 years ago, namely three convictions for robbery in the second degree; a fourth felony conviction for robbery in the third degree occurred almost six years ago; a fifth felony conviction for assault in the second degree occurred five years ago; and the sixth conviction is a recent misdemeanor conviction.

The government has not indicated which, if any, of these prior convictions, it is seeking to introduce into evidence at the trial of this matter. Additionally, to date, defendant has been provided with no discovery relating to any uncharged prior bad acts.

Federal Rule of Evidence 404 excludes, except in limited circumstances, evidence of other crimes or bad acts. The Rule provides, in pertinent part:

> (a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except [inapplicable]:

. . .

> (b) **Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

*Id.* Upon request of the defendant, the government "shall provide reasonable notice in advance of trial" of the general nature of evidence it intends to present under Rule 404(b). Fed. R. Evid. 404(b); *United States v. Trochelman*, 1999 WL 294992 at *4 (S.D.N.Y. May 11, 1999).

As such, the defendant requests that the Court require the government to provide him with notice of its intent to introduce any evidence pursuant to Rule 404(b) at a reasonable time before trial, and suggests a period of at least 30 days. Given the highly prejudicial nature of Rule 404(b) evidence, ample time must be given so that the defendant can evaluate and fully investigate any such evidence that the government seeks to offer. Depending on the nature of any such evidence, the defendant may need to locate witnesses, gather documents, and/or retain experts to rebut the evidence. In addition, the defendant must have an opportunity to submit, prior to trial, motions *in limine* challenging the admissibility of any such evidence that the government seeks to offer. Requiring the disclosure of the Rule 404(b) evidence at least 30 days prior to trial will ensure that the defendant has an adequate opportunity to submit meaningful responses to the government's offer.

As such, for all the reasons set forth above, it is respectfully submitted that this Court should order to the government to disclose any evidence it intends to offer under Rule 404(b) at least 30 days prior to trial because "[w]hile notice is typically provided no more than two to three weeks before trial, a longer period is appropriate [where there is] absence of any threat to the safety of prospective witnesses and the . . . Rule 404(b) evidence [is important to the] action."

*United States v. Nachamie*, 91 F.Supp.2d 565, 577 (S.D.N.Y. 2000).

## POINT II

### THE DEFENDANT SEEKS TO MAKE SUCH OTHER AND FURTHER *IN LIMINE* MOTIONS AS MAY BE APPROPRIATE AND NECESSARY

Defendant Thomas respectfully requests that he be permitted to make such other and further *in limine* motions as the facts and circumstances of this case, the production of additional Rule 16 discovery materials or the production of 3500 materials should warrant.

### CONCLUSION

For all the reasons set forth herein, the relief requested should be granted.

Dated: New York, New York
November 16, 2016

Respectfully submitted,

/s/

JOYCE C. LONDON, Esq.
Joyce C. London, P.C..
59 Maiden Lane, 6th Floor
New York, NY 10038
(212) 964-3700
*jlondonlaw@aol.com*

*Attorney for Defendant*
*CHARLES THOMAS*