EAG:AFM/TAP
F. # 2016R00088

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

   - against -                                          Docket No. 16–CR-50 (DLI)

CHARLES THOMAS,

            Defendant.

– – – – – – – – – – – – – – – – –X


MEMORANDUM OF LAW IN SUPPORT OF
THE GOVERNMENT'S MOTION IN LIMINE TO ADMIT
CERTAIN EVIDENCE AGAINST THE DEFENDANT AT TRIAL


                                    ROBERT L. CAPERS
                                    UNITED STATES ATTORNEY
                                    Eastern District of New York
                                    271 Cadman Plaza East
                                    Brooklyn, New York 11201


Alexander Mindlin
Tarsha A. Phillibert
Assistant U.S. Attorneys
    (Of Counsel)

PRELIMINARY STATEMENT

The government respectfully submits this memorandum in support of its motion in limine to admit at trial evidence of certain acts committed by the defendant Charles Thomas (the "defendant" or "Thomas").  As set forth below, the evidence is admissible as "other crimes, wrongs or acts" under Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)") because it tends to establish the defendant's knowledge, intent, motive, identity, plan, opportunity, lack of accident and absence of mistake with respect to the charged crimes.

For the reasons set forth herein, the government respectfully submits that the Court should grant the instant motion.[1]

BACKGROUND

I. The Charges in the Indictment

On February 1, 2016, a grand jury in the Eastern District of New York returned the above-captioned indictment (the "Indictment") charging Thomas and his codefendant Adene Reid with conspiracy to commit Hobbs Act robbery and Hobbs Act robbery, both in violation of Title 18, United States Code, Section 1951.[2]  Specifically, on January 18, 2016, the defendant, Reid and a third male committed the gunpoint robbery of an AT&T cellphone store located at 1169 Liberty Avenue in Brooklyn (the "AT&T Store").  At approximately 7:40 p.m., when the store was still open to the public, Reid and the other man entered the AT&T Store, while the

---

[1] The government may seek to make additional motions in limine at a later date, some of which may become appropriate only following the disclosure of certain witnesses' 18 U.S.C. § 3500 material.  The government also may seek to introduce at trial additional "other acts" evidence.  Should it seek to do so, the government will provide the defense with notice of such evidence in accordance with Rule 404(b).

[2] Reid was also charged in a third count of the Indictment with using a firearm in connection with a crime of violence in violation of title 18, United States Code, Section 924(c). Mr. Reid pled guilty to Hobbs Act robbery before Your Honor on November 1, 2016; his sentencing is scheduled for March 24, 2017.

defendant waited outside as the getaway driver. The two men inside the store brandished a firearm, forced the employees to the back of the store, made one of the employees help them empty the safe into a laundry bag, and then made the employees lie on the floor; they then left the store and fled in a car driven by Thomas. In addition to cellular telephones and tablets, the employee also put into the robbers' bag a tracking device disguised as a retail cellular telephone.

Police pursued the vehicle until it came to a halt roughly five miles west of the robbery location, its hood smoking after an apparent collision. The two passengers—Reid and the other man—ran in opposite directions. Thomas then emerged from the driver's seat, and after appearing to look for something in both front seats, ran off westbound until he was arrested by police officers approximately two blocks from where the car had stopped. The key to the car was found in the defendant's pocket and his DNA was found on a cellular telephone in the car. Also found in the car were the new cellphones stolen from the AT&T Store, along with the tracking device that the store employee had put into the robbers' bag. Reid was arrested nearby; the third man has not been apprehended.

II.  Overview of the Evidence the Government Seeks to Admit Pursuant to This Motion

The government seeks by this motion to admit at trial evidence that the defendant has participated in six prior robberies of cellphone stores, as well as a gunpoint home invasion robbery and a drive-by shooting, as set forth below:[3]

---

[3] The government is in the process of obtaining certificates of conviction and the defendant's guilty plea allocutions, and will provide these materials to the defendant when they become available.

| Date of Occurrence | Age at Time of Offense | Disposition | Summary of Thomas's Conduct |
|---|---|---|---|
| August 3, 2002 | 14 | Unknown | Thomas and an accomplice entered a store and began taking cellular telephones. A store clerk was pushed to the ground when she tried to intervene. |
| June 29, 2003 | 15 | Unknown | Along with two accomplices, Thomas broke a store display case and took five cellular telephones, pushing a victim in the process. |
| August 16, 2003 | 15 | Unknown | Thomas and his accomplices stole cellular telephones from a store; Thomas slapped and pushed a witness. |
| December 2, 2003 | 16 | Unknown | Thomas and one or more accomplices stole cellular telephones from a cellular telephone store, pushing the storekeeper when he attempted to intervene. The perpetrators fled in a vehicle with no front or back plates. |
| January 24, 2004 | 16 | Guilty plea to robbery in the second degree, in violation of New York Penal Law § 160.10, on June 14, 2005. Thomas was sentenced to a term of 78 months and was released from incarceration on June 22, 2010. | Thomas and two accomplices stole cellular telephones from a cellular telephone store on East Broadway, pushing the storekeeper and trapping a witness in the store during the course of the robbery. |
| February 13, 2004 | 16 | Guilty plea to robbery in the second degree, in violation of New York Penal Law § 160.10, on June 14, 2005. Thomas was sentenced to a term of 78 months (concurrent with the sentence noted immediately above) and was released from incarceration on June 22, 2010. | Thomas and three accomplices stole more than $3,000 worth of cellular telephones from another store on East Broadway. When the store clerk tried to call 911, she was chased to the back of the store and her phone was taken. |

3

| February 1, 2011 | 23 | Guilty plea to robbery in the third degree, in violation of New York Penal Law § 160.05, on March 27, 2012. Thomas was sentenced to a term of 30 months to 5 years and was ultimately released on December 4, 2015.[4] | Thomas and two accomplices entered an apartment, displayed a gun, and stole money, jewelry, and cellular telephones from the six men in the apartment. |
|---|---|---|---|
| August 28, 2011 | 23 | Guilty plea to attempted assault in the second degree, in violation of New York Penal Law § 120.05, on March 27, 2012. Thomas was sentenced to a term of 30 months to 5 years (concurrent with the sentence noted immediately above). | Thompson and two accomplices pulled up in a truck; Thompson fired several rounds at the victim, but missed. |

## ARGUMENT

For the reasons set forth below, all of the foregoing evidence is admissible under Rule 404(b) to show knowledge, intent, motive, plan, identity, absence of mistake, and lack of accident.

I. Applicable Law

   A. Admissibility of "Other Acts" Evidence Pursuant to Rule 404(b)

Evidence of uncharged criminal activity is admissible if it satisfies the requirements of Rule 404(b). In applying Rule 404(b), the Second Circuit "has adopted an 'inclusionary' approach ... which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." United States v. LaFlam, 369 F.3d 153, 156 (2d Cir. 2004); see also, e.g., United States v. Levy, 731 F.2d 997, 1002 (2d Cir. 1984) (Rule 404(b) sets forth only a "non-exhaustive list of purposes for which other act or crime evidence may be admitted").

---

[4] Thomas was initially paroled on November 18, 2014. His parole was revoked on July 31, 2015 in light of his arrest in April 2015 for reckless endangerment and leaving the scene of an accident. Thomas was once again released on August 18, 2015, but he was reincarcerated on October 21, 2015 and remained in custody until December 4, 2015.

4

A paradigmatic purpose for introducing evidence pursuant to Rule 404(b) is to address a "disputed issue of intent" that arises when a defendant does not claim that he "did not do the charged act at all," but claims instead that he "did the act innocently or mistakenly." United States v. Colon, 880 F.2d 650, 657 (2d Cir. 1989). Evidence of prior, similar bad acts is relevant on this issue, because "the odds are that repeated acts of the same nature are not accidental." United States v. Pelusio, 725 F.2d 161, 168 (2d Cir. 1983) (internal quotation marks omitted). See United States v. Danzey, 594 F.2d 905, 912 (2d Cir. 1979) (discussing the "doctrine of chances" underlying the admission of similar-act evidence to prove intent, noting that "the element of innocence is eliminated by multiplying instances of the same result. That is to say, similar results do not usually occur through abnormal causes; and the recurrence of a similar result in the form of an unlawful act tends to negative accident, inadvertence . . . or other innocent mental state and tends to establish to at least some extent the presence of criminal intent." (internal quotation marks omitted)).

Thus, "[w]here a defendant claims that his conduct has an innocent explanation, prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged." United States v. Zackson, 12 F.3d 1178, 1182 (2d Cir. 1993); see also, e.g., United States v. Pascarella, 84 F.3d 61, 69 (2d Cir. 1996) (same); United States v. Mills, 895 F.2d 897, 907 (2d Cir. 1990).[5]

---

[5] The government is not required to demonstrate that the defendant will dispute his knowledge or intent. Rather, those elements are presumed to be in issue unless the defendant clearly indicates otherwise. See United States v. McCallum, 584 F.3d 471, 475-76 (2d Cir. 2009) (admitting other-act evidence because defendant failed to indicate that "intent and knowledge would not be disputed"); United States v. Ortiz, 857 F.2d 900, 903 (2d Cir. 1988) (defendant may "completely forestall" admission of other-act evidence by clearly expressing decision not to dispute intent).

5

Not surprisingly, this has been held to be the rule in the context of robbery offenses. See Dowling v. United States, 493 U.S. 342, 353 (1990) (ruling that evidence of defendant's prior robbery of a home was "circumstantially valuable" in proving he robbed a bank where on both occasions he wore a ski mask and carried a small pistol); United States v. Carlton, 534 F.3d 97, 101–02 (2d Cir. 2008) (affirming admission of prior robberies under Rule 404(b)); United States v. Lofton, 275 F. App'x 30, 32 (2d Cir. 2008) (same, noting that prior robberies are admissible to prove intent); United States v. Bumagin, 136 F. Supp. 3d 361, 369 (E.D.N.Y. 2015) (Kuntz, J.) (admitting prior robberies to show intent, among other elements).

In order to be admissible, the defendant's prior acts need not be identical to the charged crime. Rather, "it is enough that the characteristics relied upon are sufficiently idiosyncratic to permit a fair inference of a pattern's existence." United States v. Sliker, 751 F.2d 477, 487 (2d Cir. 1984). For example, in Bumagin, the court held evidence of the defendant's uncharged prior robberies admissible as probative of intent and modus operandi where the prior acts and the charged crimes shared the common elements of "conspiring with others and obtaining firearms to rob businesses in possession of luxury watches and jewelry." Bumagin, 136 F. Supp. 3d at 369. Similarly, the Second Circuit recently affirmed the admission of a prior robbery that, like the charged crimes, "involved the theft of display model cellular telephones from a cell phone chain store; was a multi-participant offense; involved . . . liberating the display model cellular telephones; and involved a store that was open and not an after hours or before hours break in." United States v. Kornegay, 641 F. App'x 79, 84 (2d Cir. 2016) (alterations and internal quotation marks omitted).

6

B. Rule 403 Balancing Test

Admissible evidence may only be excluded if its probative value is "substantially outweighed" by the danger of unfair prejudice. See Fed. R. Evid. 403. Where the uncharged crimes are similar in nature to the charged crimes, they are generally admissible under the Rule 403 balancing test. United States v. Livoti, 196 F.3d 322, 326 (2d Cir. 1999) (upholding admissibility of evidence that the defendant, a police officer charged with engaging in excessive use of force with an arrestee, choked another arrestee, on the basis that "the evidence did not involve conduct more inflammatory than the charged crime, and the district court gave a careful limiting instruction"); United States v. Curley, 639 F.3d 50, 59 (2d Cir. 2011) (affirming the district court's finding that the probative value of prior acts of domestic violence similar to the charged conduct outweighed the potential prejudicial effect when the prior acts were no more sensational than the charged conduct); United States v. Abu-Jihaad, 630 F.3d 102, 133 (2d Cir. 2010) (finding that conversations referring to support of jihad were no more inflammatory than the charges in the indictment). Even where there is a risk of undue prejudice, such risk can be mitigated effectively by a cautionary instruction limiting the jury's consideration of the evidence to the purposes for which it is offered. United States v. Mercado, 573 F.3d 138, 142 (2d Cir. 2009) (upholding a Rule 403 determination where the challenged evidence was "not especially worse or shocking than the transactions charged" and where the district court instructed the jury as to what inferences could properly be drawn from such evidence).

II. Application

A. Evidence of Other Crimes or Acts Committed by the Defendant is Admissible Pursuant to Rule 404(b)

The proffered evidence regarding other acts committed by and involving the defendant is admissible pursuant to Rule 404(b) as evidence of the defendant's knowledge and

7

intent and to prove lack of mistake. The defendant's six prior cellphone store robberies are addressed below separately from his prior gun crimes.

### i. Evidence of the Defendant's Participation in Six Prior Cellphone Store Robberies is Admissible

The defendant's intent and knowledge will almost certainly be at issue in this trial, because he is effectively precluded from offering an alibi defense by the extensive evidence that he was in the getaway car (including his DNA on a telephone in the car and his possession of the car keys at the time of arrest). Instead, the defendant will likely admit that he was present in the car, but will claim to have been unaware that his passengers had just committed a robbery. Evidence that the defendant has participated in six similar offenses in the past will tend to disprove that assertion. As the Second Circuit has repeatedly held, repeated bad acts of a similar nature are admissible to negate mistake or lack of intent, because "similar results do not usually occur through abnormal causes." Danzey, 594 F.2d at 912; see Pelusio, 725 F.2d at 168.

In order to be admissible, the defendant's prior acts need not be identical to the crimes charged, but should raise a "fair inference of a pattern's existence," Sliker, 751 F.2d at 487. In this case, the charged robbery fits the pattern of the six robberies of cellphone stores in which Thomas participated on August 3, 2002; June 29, 2003; August 16, 2003; December 2, 2003; January 24, 2004; and February 13, 2004.

Like the charged crime, each of these robberies was a multi-participant offense. Each of the prior robberies targeted a retail store and sought the same merchandise—cellular phones—that was stolen in the charged robbery. And the other six stores were robbed during business hours, just like the store that Thomas is now accused of robbing. The use of force against witnesses is an additional element shared between the charged crime and all six of the prior cellphone robberies that the government seeks to admit. In each of those robberies,

8

Thomas or his accomplices pushed or chased one or more witnesses to prevent them from intervening or reporting the crime—while in the charged robbery, the robbers displayed a gun and forced the victims to go accompany them to the back of the store and, eventually, to lie on the floor.

These common elements render Thomas's prior acts admissible under Rule 404(b) because "the odds are that repeated acts of the same nature are not accidental." Pelusio, 725 F.2d at 168. Thomas's six similar prior robberies make it unlikely that chance alone accounted for his presence behind the wheel of the getaway car following the robbery of the Liberty Avenue AT&T Store on January 18, 2016—his seventh known multi-participant, business-hours robbery of a cellphone store. See Kornegay, 641 F. App'x at 84 (prior robbery admissible where, like the charged offenses, it was a multi-participant offense; occurred during business hours; and involved the theft of display model phones from a cellphone store); Bumagin, 163 F. Supp. 3d at 369 (common elements rendering prior robbery admissible were that defendant conspired with others and used firearms to rob luxury watches and jewelry from businesses).

      ii. <u>Evidence of the Defendant's Participation in Prior Firearm Offenses is Admissible</u>

In addition to his six prior robberies of cellphone stores, the defendant has committed two more recent offenses that involved the use of a firearm. Within the space of seven months in 2011, the defendant committed a home invasion robbery (in which he stole cellphones, among other items) and an attempted drive-by shooting in which the victim later identified the defendant as the person who held the gun. Notably, the defendant was released from a term of incarceration imposed in connection with the 2011 crimes in December 2015 and committed the charged offense less than two months later, in January 2016.

9

These offenses are admissible because the government intends to seek a superseding indictment charging the defendant with the use of a firearm in connection with the charged robbery, in violation of Title 18, United States Code, Section 924(c).  Where a defendant has been charged with using or possessing a firearm, the Second Circuit has held that evidence of prior possession of a firearm should be admitted to show a defendant's opportunity to access such a weapon. See United States v. Slaughter, 248 Fed. Appx. 210, 212 (2d Cir. 2007) ("Evidence showing that a defendant possessed a handgun prior to the charged crime is properly admitted to show access to such a weapon"); United States v. Taylor, 767 F. Supp. 2d 428, 438 (S.D.N.Y. 2010) (evidence of defendant's prior gun possession "admissible to demonstrate [defendant's] ability to access such a weapon"); United States v. Barret, 2011 WL 6704862, at *18-19 (E.D.N.Y. Dec. 21, 2011) (evidence of prior firearms possession convictions admissible as evidence of "opportunity, absence of mistake and access to firearms").  Moreover, where, as here, the government has charged a defendant with a conspiracy, evidence that one of the coconspirators had access to firearms is also evidence that all members of the conspiracy had access to firearms.  Rosario v. United States, 164 F.3d 729, 734 (2d Cir. 1998) ("[i]f a firearm was carried by, or was within reach of, one defendant but not another, that other defendant may be found liable for carrying the gun on a Pinkerton theory") (internal quotations and citations omitted).  By the same logic, a conspirator's access to firearms is also probative evidence of his coconspirators' opportunity to commit crimes charged under 18 U.S.C. § 924(c).

The evidence is also admissible to show that it was reasonably foreseeable to the defendant that his coconspirators would use a firearm in the charged robbery, as they did.  See Rosario, 164 F.3d at 734; United States v. Masotto, 73 F.3d 1233, 1239 (2d Cir. 1996) ("a conspirator can be held responsible for the substantive crimes committed by his co-conspirators

to the extent those offenses were reasonably foreseeable consequences of acts furthering the unlawful agreement, even if he did not himself participate in the substantive crimes" (internal quotations omitted)). Because the defendant himself had used a firearm to commit two previous offenses, it was certainly reasonably foreseeable to him that his coconspirators—Reid and the other man—would use a firearm in committing the charged robbery, See, e.g., United States v. Lindsey, 702 F.3d 1092, 1098 (8th Cir. 2013) (affirming district court's admission of evidence of prior shooting under Rule 404(b) as relevant to show defendant intended or could foresee shots being fired during drug-related robbery); see also Copeland-El v. United States, No. 08-CV-1383 (FB), 2008 WL 5220829, at *2 (E.D.N.Y. Dec. 12, 2008) (on collateral appeal, finding no error in district court's admission of defendant's prior bank robbery as 404(b) evidence to show that it was foreseeable to defendant that a gun would be used in the charged bank robbery); United States v. Ramos, 147 F.3d 281, 286-87 (3d Cir. 1998) (affirming § 924(c) conviction under Pinkerton theory of liability).

      B. Evidence of Other Bad Acts is Not Unduly Prejudicial

Finally, the probative value of the other-acts evidence is not substantially outweighed by its prejudicial effect. As discussed supra, the uncharged crimes are similar in nature to the charged crimes. And far from being more sensational, the uncharged acts are similar to and in large part less sensational than the charged crime. For example, the charged crime involved a firearm, whereas the defendant's prior cellphone store robberies did not, based on the information presently available to the government. And the firearms offenses that the government seeks to admit are similar in nature to the charged crime. In short, the evidence that the government seeks to admit "did not involve conduct more inflammatory than the charged crime," Livoti, 196 F.3d at 326. Any potential prejudicial effect can therefore be adequately addressed with a limiting instruction.

## CONCLUSION

For the reasons stated above, the government respectfully submits that evidence of the defendant's prior bad acts is admissible pursuant to Rule 404(b).

Dated:   Brooklyn, New York
         February 21, 2017

>                              ROBERT L. CAPERS
>                              United States Attorney
>                              Eastern District of New York
>                              271 Cadman Plaza East
>                              Brooklyn, New York 11201
>
>
>          By:    /s/ Alexander Mindlin
>                 Alexander Mindlin
>                 Tarsha A. Phillibert
>                 Assistant United States Attorney
>                 (718) 254-6433 / (718) 254-6448

12