MMS:TAP
F.#2016R00088

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 27 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

CHARLES THOMAS,

           Defendant.

- - - - - - - - - - - - - -X

SUPERSEDING
INDICTMENT

Cr. No. 16-50 (S-1) (DLI)
(T. 18, U.S.C., §§ 1951(a),
924(c)(1)(A)(i), 924(c)(1)(A)(ii),
924(d)(1), 981(a)(1)(C), 2 and
3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## COUNT ONE
(Hobbs Act Robbery Conspiracy)

1.    On or about January 18, 2016, within the Eastern District of New York and elsewhere, the defendant CHARLES THOMAS, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency and cellular telephones from one or more employees of an AT&T store located at 1169 Liberty Avenue in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT TWO
(Hobbs Act Robbery)

2. On or about January 18, 2016, within the Eastern District of New York, the defendant CHARLES THOMAS, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency and commercial merchandise from one or more employees of an AT&T store located at 1169 Liberty Avenue in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT THREE
(Possessing and Brandishing a Firearm During Crimes of Violence)

3. On or about January 18, 2016, within the Eastern District of New York, the defendant CHARLES THOMAS, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One and Two, and did knowingly and intentionally possess such firearms in furtherance of said crimes of violence, one or more of which firearms was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND TWO

4. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts One and Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to: cellular telephones and United States currency seized on January 18, 2016.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT THREE

6. The United States hereby gives notice to the defendant CHARLES THOMAS that, upon his conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in knowing violations of Title 18, United States Code, Section 924.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

                                                  A TRUE BILL

                                                  _____
                                                  FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

5

F. #2016R00088

FORM DBD-34   No.
JUN. 85

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

CHARLES THOMAS,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 1951(a), 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(d)(1), 981(a)(1)(C), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                                                 *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____
                                                                        *Clerk*

Bail, $ _____

*Tarsha A. Phillibert, Special Assistant U.S. Attorney (718) 254-6448*